LLOYD J. PAUST, City Attorney, Columbus
Pursuant to sec. 19.98, Stats., you request my advice on the following question:
 Can a governmental body go into closed session at a properly convened open session, for a proper purpose, where advance 24 or 2 hour notice of the closed session was not given at the time notice of the open session was given pursuant to sec. 19.84, Stats.?
The answer is yes, provided that at the time of giving notice of the subject matter or agenda of the session, the chief presiding officer or his or her designee did not contemplate, nor have knowledge that any member of the governmental body contemplated, a closed session.
 Section 19.83, Stats., provides: *Page 107 
 "Every meeting of a governmental body shall be preceded by public notice as provided in s. 19.84, and shall be held in open session. At any meeting of a governmental body, all discussion shall be held and all action of any kind, formal or informal, shall be initiated, deliberated upon and acted upon only in open session except as provided in s. 19.85." (Emphasis added.)
Sections 19.84 (1) and (2), Stats., provide:
 "(1) Public notice of all meetings of a governmental body shall be given in the following manner:
"(a) As required by any other statutes; and
 "(b) By communication from the chief presiding officer of a governmental body or such person's designee
to the public, to those news media who have filed a written request for such notice, and to the official newspaper designated under ss. 985.04, 985.05 and 985.06 or, if none exists, to a news medium likely to give notice in the area.
 "(2) Every public notice of a meeting of a governmental body shall set forth the time, date, place and subject matter of the meeting, including that intended for consideration at any contemplated closed session in such form as is reasonably likely to apprise members of the public and the news media thereof." (Emphasis added.)
The obligation to give the required notice is on the chief presiding officer or his designee. Such notice must include information as to subject matter "intended for consideration at any contemplated closed session." If the chief presiding officer or his designee knows that a closed session is contemplated, such person is obligated to give the required notice. He may actually contemplate a closed session or know that some member will move to go into closed session for some specific purpose. In such case he should give the required notice even though the body may not be able to muster the vote necessary to actually go into closed session. A governmental body may have voted at a properly called open session to go into closed session at a subsequent session. In such case the chief presiding officer should give notice of the subsequent session with contemplated closed session subject matter noticed. On the given date the body should be convened in open session for again taking a vote of the members then present to determine whether the body should go into closed session. *Page 108 
In other cases the chief presiding officer or his designee would not have knowledge that a member wishes to move for a closed session and no closed session may in fact have been contemplated on the date the open session notice was given. This would not foreclose a governmental body from going into closed session, for proper purpose, to discuss one or more of the items, or elements thereof, which had been noticed for the open session. Section 19.85 (1), Stats., makes specific provision for the procedure to be followed in such case and for public announcement
of the business to be considered and requires reference to the statutory exemption or exemption by which such closed session is claimed to be authorized.
Section 19.85 (1), Stats., provides in material part:
 "(1) Any meeting of a governmental body, upon motion duly made and carried, may he convened in closed session
under one or more of the exceptions provided in this section. The motion shall be carried by a majority vote in such manner that the vote of each member is ascertained and recorded in the minutes. No motion to convene in closed session may he adopted unless the chief presiding officer announces to those present at the meeting at which such motion is made, the nature of the business to be considered at such closed session, and the specific exemption or exemptions under this subsection by which such closed session is claimed to be authorized. Such announcement shall become part of the record of the meeting. No business may be taken up at any closed session except that which relates to matters contained in the chief presiding officer's announcement of the closed session. . . ." (Emphasis added.)
BCL:RJV